IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CANDIS G.I.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-CV-00250-BU |
| | § | |
| KILOLO KIJAKAZI | § | |
| Acting Commissioner of Social Security[2] | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Candis G.I. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge Sam R. Cummings referred this case and it was reassigned to the undersigned United States Magistrate Judge on December 30, 2019. Dkt. No. 7. The parties have not consented to proceed before a magistrate judge.

For the reasons explained below, the undersigned recommends that the Court affirm the Commissioner's decision.

I.  BACKGROUND

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff alleges that her disability began October 10, 2016, due to a variety of ailments, including epilepsy, anxiety disorder, depression, bipolar disorder, panic disorder, and obsessive-compulsive disorder ("OCD"). *See* Administrative Record, Dkt. No. 22-1 ("Tr.") at 21. Plaintiff initially applied for Title XVI Supplemental Security Income on January 11, 2017. Tr. 19. After her application was initially denied on June 19, 2017, Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge ("ALJ"). Tr. At 106, 114. That hearing was held on August 6, 2018, in Abilene, Texas. Tr. 36-74.

At the time of the hearing, Plaintiff was 32 years old. Tr. 41. She graduated high school and has past work experience as a health care attendant and a cashier at a fast-food restaurant. Tr. 41-42.

The ALJ found that Plaintiff was not disabled and not entitled to disability benefits. *See* Tr. 19-30 ("ALJ Decision"). At step one of the analysis[3], the ALJ found Plaintiff had not engaged in substantial gainful activity since January 11, 2017, the alleged disability onset date. Tr. 21. At step two, the ALJ found the Plaintiff had several severe impairments including epilepsy, anxiety, depression, bipolar disorder, panic disorder, and obsessive-compulsive disorder. *Id.* At step three, the ALJ found the Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. *Id.*

---

[3] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

The ALJ also determined that Plaintiff had the residual functional capacity to perform a full range of work with the following non-exertional limitations:

> The claimant must avoid all exposure to unprotected heights, dangerous machinery and operation of a motor vehicle. She is able to understand to carry out simple or two-step instructions. She can attend and concentrate for extended periods. The claimant cannot work in crowds, but on a superficial basis frequently interact with the public and co-workers. She can attend and concentrate between normal breaks.

Tr. 23.

The ALJ based his opinion on the Plaintiff's submitted medical records and on the opinion evidence of Dr. John Swenson, as well as the non-examining medical consultants. Tr. 23-27. Dr. Swenson performed a one-time psychological consultative exam for Plaintiff and determined she could not handle the normal pressures of a work setting. Tr. 27. There was no evidence presented from the Plaintiff's treating physicians as to Plaintiff's ability to work. *Id.* The ALJ also considered the opinions of four non-examining medical consultants for the Social Security Administration ("SSA") who concluded Plaintiff did have the ability to work with some limitations. *Id.* The ALJ specifically explained that the ALJ gave some weight to Dr. Swenson's opinion but that the ALJ gave great weight to the non-examiners because they "provided specific reasons to support their assessments based on the evidence and information available to them." *Id.*

At step four, the ALJ found that Plaintiff could not return to her past relevant work as a home health aide, fast food worker, cashier, or a store laborer. Tr. 28. The ALJ then considered the Plaintiff's age, education, transferability of her skills, her RFC, and the testimony of a vocational expert to determine there were jobs in the national economy that

exist in significant numbers. Tr. 28-29. Accordingly, the ALJ determined that Plaintiff had not be under disability as defined by the Social Security Act, for the period in question. Tr. 29.

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. See 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th

Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at

any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) Instead, a court will only reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced Plaintiff. *Id*. That is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

## III.  ANALYSIS

Plaintiff challenges the ALJ's decision on the ground that the mental RFC determination was unsupported by substantial evidence. Dkt. No. 24 at 9. Specifically, Plaintiff alleges the ALJ did not properly weigh the opinion of Dr. Swenson, who conducted a psychological consultative exam on Plaintiff after reviewing her relevant medical records. *Id.* Dr. Swenson determined Plaintiff could not sustain concentration in work or educational settings at a reasonable pace and that she could not handle the normal pressures of the workplace. Tr. 345.

Plaintiff argues that the ALJ did not properly weigh the evidence because the ALJ did not fully explain his reasoning as to only affording Dr. Swenson's opinion 'some weight." Dkt. No. 24 at 13. Plaintiff claims the ALJ must explain his decision more fully as to why the ALJ gave greater weight to the non-examining medical consultants so the Court can perform a meaningful review of the ALJ's opinion. *Id.* at 14.

In response, the Commissioner argues the record as whole shows the ALJ considered various opinions in coming to his decision. Dkt. No. 27 at 4. The Commissioner argues the ALJ has the sole responsibility of weighing the evidence as the fact finder and is not required to explicitly mention each factor of the regulations when weighing the evidence. *Id.* at 5. Finally, the Commissioner argues the ALJ is only required to give an explicit analysis when a treating physicians opinion is rejected. *Id.* at 6.

In determining whether a claimant is disabled, an ALJ must consider the "medical opinions" in the record together with the rest of relevant evidence received. 20 C.F.R. §§ 404.1527(b), 416.927(b).[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairments and [the claimant's] physical or mental restrictions." §§ 404.1527(a)(1), 416.927(a)(1).

---

[4] For claims filed before March 27, 2017, the rules provided by 20 C.F.R. §§ 404.1527, 416.927 apply with respect to the evaluation of medical opinion evidence. Plaintiff filed her application for disability and disability benefits on January 11, 2017. Therefore, these statutory provisions govern. *See generally* 20 C.F.R. § 404.164(a) (determining when an application is deemed filed under SSA rules).

Opinions from medical sources that are not "acceptable medical sources" can be considered when those opinions "reflect the source's judgment about some of the same issues addressed in medical opinions from acceptable medical sources." §§ 404.1527(f)(1), 416.927(f)(1). A "treating source" is an "acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." §§ 404.1527(a)(2), 416.927(a)(2). In contrast, an examining source is one that is not based on medical need for treatment "but solely on [the claimant's] need to obtain a report in support of" a claim for disability. §§ 404.1527(a)(2). An examining relationship will generally be given more weight than someone who has not examined the claimant, but the Commissioner has the final opinion on disability. §§ 404.1527 (a)(2), (c)(1). Generally, "[t]he opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, it is clear the ALJ considered Dr. Swenson's medical opinion and that Dr. Swenson's opinion was based on Plaintiff's assertions, her medical records, and a mental status exam. Tr. at 27. The ALJ noted Dr. Swenson's opinion was that Plaintiff's condition was guarded due to her ongoing mental health issues. *Id.* The ALJ also noted Dr. Swenson opined Plaintiff could follow simple instructions and maintain effective social interaction but could not handle normal pressures in a workplace. *Id.* Plaintiff is correct that the ALJ only afforded "some weight" to Dr. Swenson's opinion but the ALJ also explained that there was no opinion from a treating physician as to Plaintiff's disability status. *Id.*

Because Dr. Swenson was a one-time examining consult, not a treating physician, his opinion was not entitled to special significance or controlling weight. *See* SSR 96-5P, 1996 WL 374183. Plaintiff incorrectly conflates Dr. Swenson's examining relationship with that of a treating source. In citing *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017), Plaintiff claims the "Fifth Circuit recognizes a general rule that the ALJ cannot reject a conflicting medical opinion without explanation." Dkt. No. 24 at 15. However, *Kneeland* stands for the proposition that an examining source cannot be disregarded without *any* explanation. *Kneeland* at 759 (emphasis added). In that case, the ALJ did not discuss an examining physician's letter at all. *Id.* Here, the ALJ did consider Dr. Swenson's opinion and afforded it some weight. Tr. at 27. Because Dr. Swenson was not a treating physician, the ALJ was not required to give a detailed explanation for why he afforded Dr. Swenson's opinion only "some weight." §§ 404.1527 (c)(2).

For these reasons, the undersigned does not find the ALJ committed reversible error in not giving a more detailed explanation in connection with Dr. Swenson's opinion.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be AFFIRMED. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to Senior United States District Judge Sam R. Cummings in accordance with normal procedures.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 21st day of September, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE